IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA,
ALEXANDRIA DIVISION

| | |
|---|---|
| In re: Jihoon Park | Case No.: 25-10081-BFK<br>Chapter 7<br>Adversary Proceeding No.: 25-01025-BFK |
| Donald F. King, Trustee<br><br>   Plaintiff,<br><br>**v.**<br><br>Jihoon Park and Jong Kim,<br><br>   Defendant. | |

## DEFENDANT'S MOTION AND MEMORANDUM
## IN SUPPORT OF MOTION TO DISMISS

**COMES NOW** Defendant, Jong Kim, by counsel, and moves this Honorable Court to dismiss Count I of Plaintiff's Complaint, pursuant to F.R.B.P. 7012(b)(6) and states the following in support:

## STANDARD OF REVIEW

Pursuant to the Federal Rule of Civil Procedure 12(b)(6), "[t]o survive a motion to dismiss, the Complaint must 'state[] a plausible claim for relief' that 'permit[s] the court to infer more than the mere possibility of misconduct' based upon 'its judicial experience and common sense.'" Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Factual allegations must be sufficient to establish a

Scott J. Newton, Va Bar #44397
9255 Lee Avenue
Manassas, VA 20110
(703) 361-8246
(703) 361-4171 (Fax)

right to relief above the speculative level. Id. Though a court must accept the truthfulness of all factual allegations, it does not have to accept the veracity of bare legal conclusion. Burnette v. Fahey, 687 F.3d 171, 180 (4th Cir. 2012) (citing Aziz v. Alcolac, Inc., 658 F.3d 388, 291 (4th Cir. 2011)). "A court **must** grant a rule 12(b)(6) motion where a complainant fails to provide sufficient nonconclusory factual allegations to allow the court to draw the reasonable inference of the defendant's liability." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (citing Iqbal, 556 U.S. at 678-79) (emphasis added).

## ARGUMENT

The Trustee's claim to avoid the transfer of $700,000 by Defendant Park to Defendant Kim pursuant to 11 U.S.C. § 548(a)(1)(A) must be dismissed for failure to state a claim upon which relief can be granted. The Plaintiff fails to allege any facts that the transfer of the $700,000 was done by Defendant Park with the "actual intent to hinder, delay, or defraud" any creditors of Defendant Park. "In order to establish a prima facie case under [section] 548(a)(1)(A), a plaintiff must show that the debtor made a transfer of an interest of the debtor in property 'with actual intent to hinder, delay, or defraud ... 'creditors." In re LeClairRyan PLLC, No. 19-34574-KRH, 2021 WL 5177368, at *5 (Bankr. E.D. Va. Nov. 3, 2021).

**WHEREFORE** your Defendant respectfully requests that Count I of Plaintiff's Complaint be dismissed and that this Court grant the Defendant any other relief as the Court deems appropriate.

Scott J. Newton, Va Bar #44397
9255 Lee Avenue
Manassas, VA 20110
(703) 361-8246
(703) 361-4171 (Fax)

        Jong Kim, Defendant

        by counsel,

/s/ Scott J. Newton
Scott J. Newton, VSB #44397
Manassas Law Group, PC
9255 Lee Ave
Manassas, VA 20110
703-361-8246; 703-361-4171 (fax)
newton@manassaslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2025 a true and accurate copy of the foregoing pleading was served via CM/ECF to the following parties:

Bandar K. Al-Saif, Esq.
Counsel to Plaintiff

/s/ Scott J. Newton
Scott J. Newton

Scott J. Newton, Va Bar #44397
9255 Lee Avenue
Manassas, VA 20110
(703) 361-8246
(703) 361-4171 (Fax)