## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| In re:<br><br>JIHOON PARK,<br><br>            Debtor. | Case No. 25-10081-BFK<br>Chapter 7 |
| DONALD F. KING,<br><br>            Plaintiff,<br><br>v.<br><br>JIHOON PARK,<br><br>and<br><br>JONG KIM<br><br>            Defendants. | Adversary Proceeding<br>No. 25-01025-BFK |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

     This matter came before the Court for a trial on the merits on October 17, 2025. The Plaintiff, Donald F. King, Trustee, was present and was represented by counsel. Defendant, Jihoon Park, was present and was represented by counsel. Defendant Jong Kim elected not to appear at the trial, but was represented by separate counsel. After hearing the evidence, the Court finds for the Plaintiff on Counts I, II and III of the Complaint, as set forth below.

### FINDINGS OF FACT

     The Court, having heard the evidence, makes the following findings of fact.

1.      Defendants, Jihoon Park and Jong Kim are husband and wife. They reside in Fairfax County, Virginia.

2.      The Plaintiff, Donald F. King, is the Chapter 7 Trustee in Mr. Park's bankruptcy case.

*A. The Defendants' Acquisition of the Granite Rock Court Property.*

3.      On September 3, 2024. Mr. Park deposited $300,000.00 into his and Ms. Kim's joint Bank of America account (Account No. **** 5371). Pl. p. 27; Def. p. 218.[1]

4.      The $300,000.00 was loaned to Mr. Park by Boo Rak Lee, pursuant to an Investment Agreement. Pl. p. 145.

5.      On September 12, 2024, Mr. Park wrote a check in the amount of $300,000.00 on the Defendants' joint Bank of America account (Account No. **** 5371), and deposited the funds into his individual checking account at Wells Fargo (Account No. **** 6021). Pl. pp. 005, 0027; Def. p. 224.

6.      On September 23, 2024, Mr. Park wired $700,000.00 from his individual checking account at Wells Fargo Bank (Account No. **** 6021) to Potomac Title Group, the title company that handled the closing on his and Ms. Kim's acquisition of the Granite Rock Court property described below. Pl. p. 005.[2]

7.      On September 30, 2024, the Defendants purchased the property located at 4619 Granite Rock Court, Fairfax, VA 20151 ("the Granite Rock Court property"), for a purchase price

---

[1] The references are to the page numbers of the parties' respective Exhibits, except where otherwise indicated.
[2] On September 12, 2024, Mr. Park and Ms. Kim paid a $25,000.00 deposit to Potomac Title Group connection with their purchase of the Granite Rock property out of their joint Bank of America savings account (Account No. **** 5371). Def. p. 219. The Trustee is not seeking to avoid nor recover this payment. There appears to have been a second $25,000.00 transfer to Potomac Title Group the next day, on September 13, 2024, in the amount of $25,000.00, from the parties' joint Bank of America account (Account No. *** 7382). Def. p. 222. This second transfer is not reflected on the Settlement Statement for their purchase of the Granite Rock property; there is only one good faith deposit of $25,000.00 on the Settlement Statement. Def. Ex., p. 1.

of $1,235,000.00. Pl. 001; Def. p. 1. They paid $700,000.00 in cash, as described above, and the rest was financed with a mortgage. *Id*.

8.      Mr. Park testified consistently that the $300,000.00 was his money. He further testified that the remaining $400,000.00 came exclusively from his earnings. Ms. Kim did not testify to the contrary (nor did she testify at all).[3]

9.      The Deed to the Granite Rock property conveyed the property to the Defendants as tenants by the entirety. Pl. Ex. 001.

10.      The Defendants presently reside at the Granite Rock Court property.

*B.  The Sale of the Field Lark Court Property.*

11.      Prior to their acquisition of the Granite Rock Court property, Mr. Park and Ms. Kim owned and resided at 12322 Field Lark Court Fairfax, VA 22033 ("the Field Lark Court property"). They owned this property as tenants by the entirety. Pl. p. 147.

12.      Mr. Park and Ms. Kim sold the Field Lark Court property on November 15, 2024, for a sales price of $625,000.00, with $375,779.67 due to them as Sellers. Def. 5-6, 237.

13.      No proceeds from the Field Lark sale were used for the acquisition of the Granite Rock Court property.

*C.  Mr. Park Files for Bankruptcy.*

14.      On October 24, 2024, Young Hee Kim filed a Complaint against Mr. Park in the Circuit Court of Fairfax County, seeking a judgment in the amount of $1,650,000.00 plus punitive damages, and attorney's fees. Pl. 104.

---

[3]  Mr. Park also testified that $200,000.00 of the $400,000.00 came from money he borrowed from Young Hee Kim. Ms. Kim has filed a Proof of Claim in Mr. Park's bankruptcy case in the amount of $1,658,000.00. Case No. 25-10081-BFK, Claim No. 6-1. Pl. p. 101.

15.     On January 14, 2025, Mr. Park filed a Voluntary Petition under Chapter 7 with this Court. Case No. 25-10081-BFK.

16.     In his initial Schedules, Mr. Park listed no ownership interest in any real property, despite having purchased the Granite Rock Court property only four months before. Pl. p. 048.

17.     On March 17, 2025, Mr. Park filed Amended Schedules, in which he listed the Granite Rock Court property with a value of $1,250,000.00 and secured debt against the property of $532,373.38. Pl. Ex. N, p. 2, 11.

18.     He listed one-half of the value of the property, $617,500.00, as being his interest in the property. *Id*. He further stated that the mortgage was in his wife's name only. *Id.*

19.     He listed a 2021 BMW with a value of $40,147.00, and a lien in the amount of $51,000.00. *Id*., p. 11.

20.     Mr. Park claimed $351,313.31 of the Granite Rock Court property as exempt as tenants by the entirety property in an Amended Schedule C. *Id*., p. 8.[4]

21.     Although he identified net proceeds of $375,779.67 as having been received on November 15, 2024 (only two months before he filed for bankruptcy), from the sale of the Field Lark Court property in his Statement of Financial Affairs, he listed a total of $0.34 (that is, 34 cents) in cash in his Schedule A/B. Pl. Ex. N, pp. 4, 20.

22.     Mr. Park listed total assets of $661,047.34, including his $617,500.00 interest in the Granite Rock Court property, $351,313.31 of which he claimed to be exempt. *Id*., p. 7.

23.     He listed a single unsecured creditor in Schedule E/F, Young Hee Kim, with an "unknown" claim. Pl. Ex. O, p. 44.

---

[4]  This number appears to be the stated value of the Granite Rock Court property of $1,235,000.00, less the amount of the secured debt of $532,373.38, and then divided in half.

24.     Mr. Park did not list Boo Rak Lee's claim of $300,000.00 in his original Schedule E/F, nor in in his Amended Schedule E/F. Pl. p. 63; Pl. Ex. O. Rather, he listed Mr. Lee's debt on Amended Schedule D ("JP Financial Inc. (sole proprietorship) – Inventory: cosmetic products (Inventory in Korea) (approximately $300,000) 100% ownership").

25.     Mr. Park stated in his initial Statement of Financial Affairs that he had made no transfers that were not in the ordinary course within the two years preceding his bankruptcy case. Pl. p. 082, ¶ 10.

26.     In his Amended Statement of Financial Affairs, he disclosed the sale of the Field Lark Court property, as noted above, but no other transfers that were not made in the ordinary course. Pl. Ex. N, pp. 19-20, ¶ 10.

27.     On May 30, 2025, the Court entered an Order Approving Waiver of Discharge, with Mr. Park's consent. Docket Nos. 62, 95.

   *D. The Plaintiff's Complaint and the Defendants' Answers.*

28.     The Trustee filed his Complaint in this adversary proceeding on April 23, 2025. Pl. Ex. P. Defendant Jihoon Park filed his Answer to the Complaint on July 25, 2025. Pl. Ex. Q. Defendant Jong Kim filed her Answer on May 27, 2025. Pl. Ex. R.

29.     In the Complaint, the Trustee alleged that the Jong Kim is the spouse of Defendant Park, which both Defendants admitted. Pl. Ex. P, ¶ 4; Pl. Ex. Q, ¶ 4; Pl. Ex. R. ¶ 4.

30.     The Trustee alleged that the Defendants purchased the Granite Rock Court property as tenants by the entirety, which the both admitted. Pl. Ex. P, ¶ 5; Pl. Ex. Q, ¶ 5 ("Denied in part as to the date. Admitted other parts"); Pl. Ex. R. ¶ 5.

31.     The Trustee alleged that on September 23, 2024, Defendant Park made a wire transfer from his individual bank account with Wells Fargo to Potomac Title Group, the closing

agent, for a payment toward the purchase of the Granite Rock Court property. Pl. Ex. P, ¶ 6; Pl. Ex. Q, ¶ 6 ("Denied in part as to the date. Admitted other parts"); Pl. Ex. R. ¶ 6.

### CONCLUSIONS OF LAW

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(H) (proceedings to determine, avoid or recover fraudulent conveyances). The Court further finds that both of the Defendants have consented to the entry of a final money judgment in this case. *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 686 (2015). *See also* Initial Scheduling Order, Docket No. 3-2, ¶ ("**Consent to Entry of Final Orders**. Any party not consenting to the entry of a final order by the Bankruptcy Judge shall file a Motion to Withdraw the Reference or for other appropriate relief within 30 days of the entry of this Scheduling Order. The failure to comply with the terms of this paragraph shall be deemed to constitute consent to the entry of final orders by the Bankruptcy Judge.") (Emphasis in original).

The Plaintiff has the burden of proof in this action by a preponderance of the evidence. *In re Bay Vista of Virginia, Inc.,* 428 B.R. 197, 221 (Bankr. E.D. Va. 2010).

I.   **Count I – Section 548(a)(1)(A) ("Actual Fraud").**

Count I of the Trustee's Complaint alleges that the Transfer was made with the actual intent to hinder, delay or defraud creditors. 11 U.S.C. § 548(a)(1)(A). Because evidence of intent is often elusive, the courts employ a badges of fraud analysis. The badges of fraud can include a transfer to an insider (a spouse or a relative), transfers for no consideration, or the retention and continued use of the property by the transferor. *In re Laines*, 352 B.R. 397, 403 (Bankr. E.D. Va. 2005); *Hyman v. Porter (In re Porter),* 37 B.R. 56, 63 (Bankr. E.D. Va. 1984).

In this case, the Court finds that virtually all of the badges of fraud were present. The $700,000.00 came from Mr. Park's individual bank account. There was no evidence that the funds were jointly titled, and there was no evidence that Ms. Kim contributed any of the funds. The $300,000.00 was in Mr. Park's and Ms. Kim's joint account for a brief period of time (September 3–September 12), but Mr. Park repeatedly testified that the $300,000.00 Mr. Lee paid to him was "my [Mr. Park's] money." Ms. Kim did not testify that she had any ownership interest in these funds. Mr. Park continued to possess and use the Granite Rock Court property after the $700,000.00 was paid for that property.

The Transfer benefitted Ms. Jong Kim, as well. The Transfer was without consideration from her, and it had the effect of creating a tenancy by the entireties, beyond the reach of her creditors.[5]

Mr. Park did not rebut the above badges of fraud. His counsel acknowledged that $400,000.00 of the $700,000.00 Transfer was earned personally by Mr. Park (Mr. Park acknowledged in his testimony that $200,000.00 of the funds came from Young Hee Kim). Mr. Park confirmed that the remaining $300,000.00 came from Mr. Lee, but as noted above, he repeatedly testified that those funds were his personal property (he used the phrase "my money" in his testimony a number of times).

Mr. Park asserts that he and Ms. Kim are entitled to a credit in the amount of $129,556.79, this being the combined balances of the Defendants' two joint accounts at Bank of America as of August 21, 2024. Def. p. 208. What is not clear to the Court, however, are the balances in the two joint accounts as of the date of the $700,000.00 Transfer to Potomac Title Group on September 23,

---

[5] The one badge of fraud that does not appear to be present is creditor pressure. The Young Hee Kim lawsuit was not filed until October 24, 2024. The Transfer of the $700,000.00 was on September 23, 2024. To the Court's knowledge, there were no other lawsuits filed against Mr. Park before he filed for bankruptcy.

2024. Moreover, Mr. Park clearly testified that: (a) $300,000.00 of the funds came from the loan from Mr. Lee; (b) $200,000.00 of the funds came from Young Hee Kim; and (c) he earned the rest of the money. Defendant Jong Kim did not testify, and she certainly did not testify that she earned any of the funds at all. The Court, therefore, rejects this claim of a credit in the amount of $129,556.79.

The Court, therefore, finds that the Transfer of $700,000.00 of the Debtor's funds into the Granite Rock Court property as tenants by the entirety was a transfer made with the intent to hinder, delay or defraud Mr. Park's creditors within the meaning of Section 548(a)(1)(A).

**II.     Count II – Section 548(a)(1)(B) ("Constructive Fraud").**

Section 548(a)(1)(B) provides that transfers that are made for less than reasonably equivalent value can be avoided where there is proof that: (a) the Debtor was insolvent at the time of the Transfer or became insolvent as a result of the Transfer; (b) the Debtor was left with an unreasonably small capital; or (c) the Debtor was incurring debts that were beyond his or her ability to pay. 11 U.S.C. § 548(a)(1)(B)(I)-(III).

*A.     The Transfer Was for Less Than Reasonably Equivalent Value.*

Ms. Kim did not contribute any of the $700,000.00. She was the beneficiary of the Transfer under which she received an ownership interest in the Granite Rock Court property as tenants by the entirety.

The Court finds that the Transfer was for less than reasonably equivalent value

*B.     The Debtor Was Insolvent at the Time of the Transfer.*

The test for insolvency under Section 548(a)(1)(B)(I) is a balance sheet test, under which the Court compares the Debtor's assets and liabilities at a fair valuation at the time of the Transfer. 11 U.S.C. § 101(32). *In re Randolph Hosp., Inc.,* 644 B.R. 446, 460 (Bankr. M.D.N.C. 2022); *In*

*re Stephenson*, 2012 WL 4680703 (Bankr. E.D.N.C. 2012); *Ruby v. Ryan* (*In re Ryan)*, 472 B.R. 714, 727 (Bankr. E.D. Va. 2012). Exempt assets, such as the Granite Rock Court property, are excluded from the asset side of the calculation. 11 U.S.C. § 101(32)(A)(ii) (excluding "property that may be exempted from property of the estate under Section 522 of this title"). Further, property "transferred, concealed, or removed with the intent to hinder, delay or defraud [the Debtor's] creditors" is excluded. 11 U.S.C. § 101(32)(A)(i).

The Plaintiff relies on a theory of retrojection to prove insolvency on the date of the Transfer under Count II. The Transfer in this case was made on September 23, 2024. Pl. p. 005. Mr. Park filed for bankruptcy four months later on January 14, 2025. The Court considers these circumstances well within the bounds in which retrojection is appropriately applied. *See Gold v. Laines (In re Laines)*, 3522 B.R. 397, 402 n.6 (Bankr. E.D. Va. 2005) ("Insolvency determined as of one date may form the basis for the interference that insolvency existed on another date if the dates are relatively close in time and if no significant transaction occurred between the two dates"); *Bartl v. Twardy* (In re Claxton), 32 B.R. 224, 232 (Bankr. E.D. Va. 1983) ("The period of time over which retrojection has been approved ranges from a few weeks to several months."). In doing so, the Court relies not solely upon the Debtor's schedules, but upon (1) the results of the balance sheet test in which the schedules are used, and (2) the lack of intervening transfers that would demonstrate the Debtor's solvency.[6]

In his Schedules and Amended Schedules, Mr. Kim listed a total of $661,047.34 in assets. Pl. Ex. N, p. 7. Of this amount he claimed $351,313.31 as exempt in the Granite Rock Court property. *Id*., p. 8.  He claimed an additional $3,400.00 in miscellaneous exemptions. *Id*., pp. 8-9.

---

[6] Schedules alone may be insufficient to establish insolvency while applying retrojection. *Suazo v. Meiburger*, 2025 U.S. Dist. LEXIS 117840, 2025 WL 1732513 (E.D. Va. 2025) (citing *Ruby v. Ryan (In re Ryan)*, 472 B.R. 714, 727–28 (Bankr. E.D. Va. 2012)); *See also In re Strickland*, 230 B.R. 276, 282–85 (Bankr. E.D. Va. 1999) (Trustee failed to meet burden of proof when relying upon Debtor's schedules showing insolvency on petition date only).

Thus, by Mr. Park's calculations, he had $306,334.03 in non-exempt property with which to pay his creditors when he filed for bankruptcy.

Mr. Lee's Investment Agreement for $300,000.00 contained no maturity date. It was, therefore, payable on demand. *See* Va. Code Ann.§ 8.3A-108(A) (a promise or order is "payable on demand" if it does not state any time for payment)*; See also, Gowin v. Granite Depot, LLC*, 272 Va. 246, 257, 634 S.E.2d, 714, 720–21 (Va. 2006). Mr. Park also had an unsecured deficiency of $10,853.00 on the BMW. He was, therefore, insolvent when he filed, not even counting the disputed debt claimed by Young Hee Kim in the amount of $1,650,000.00 plus potential punitive damages, fees and costs. Mr. Park listed no transfers—acquisitions or sales—in his Statement of Financial Affairs other than the sale of the Field Lark Court property, but by the time he filed for bankruptcy, it appears that the proceeds of that sale ($375,779.67) were either gone or unaccounted for.[7]

The Court finds that the Transfer of $700,000.00 was a transfer for less than reasonably equivalent value at a time when Mr. Park was insolvent or was rendered insolvent by the Transfer.

### III.    Count III – Section 550(a) (Recovery of Avoided Transfers).

Section 550(a) provides that the Trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of the property from: (a) "the initial transferee of such transfer or the entity for whose benefit such transfer was made;" or (b) "any immediate or mediate transferee." 11 U.S.C. § 550(a). The Court will avoid the Transfer of the $700,000.00 into the Granite Rock Court property by reforming the Deed from tenants by the entirety to tenants in common.

---

[7] The Field Rock Court property was held as tenants by the entirety (Pl. p. 147), so the proceeds would have been exempt.

The Court further will enter a judgment against Mr. Park and Ms. Kim, jointly and severally, in the amount of $700,000.00 plus interest at the federal judgment rate from the of entry of the Judgment Order. The Court finds that both Mr. Park and Ms. Kim, as the transferees of the Granite Rock property and its tenants by the entirety designation, are both "initial transferees" and "[entities] for whose benefit such transfer was made." The Trustee is only entitled a single satisfaction of the Judgment. 11 U.S.C. § 550(d).

The Court will grant the Trustee's requested forms of alternative relief of: (a) reformation of the Granite Rock property Deed; and (b) a money judgment against the Defendants, jointly and severally.

C<small>ONCLUSION</small>

For the foregoing reasons, the Court will enter a separate Judgment Order under which:

1.      The "tenants by the entirety" designation in the Deed of  will be avoided on Counts I and II, so that the Deed dated September 30, 2024, by which the Defendants purchased the property located at 4619 Granite Rock Court, Fairfax, VA 20151, will be reformed to tenants in common and not tenants by the entirety.

2.      A money judgment will be entered on Count III against Defendants Jihoon Park and Jong Kim, jointly and severally, in the amount of $700,000.00 plus interest from the entry of the Judgment at the federal judgment rate and costs.

3.      The Clerk will mail copies of these Findings along with the separate Judgment Order, or will provide CM-ECF notice of their entry, to the parties below.

Date: Dec 1 2025

Alexandria, Virginia

/s/ Brian F Kenney
HONORABLE BRIAN F. KENNEY
CHIEF U.S. BANKRUPTCY JUDGE

Entered On Docket: Dec 1 2025

Copies to:

Donald F. King
1775 Wiehle Avenue,
Suite 400
Reston, VA 20190
*Plaintiff*

Bandar Al-Saif
Odin Feldman & Pittleman PC
1775 Wiehle Avenue
Suite 400
Reston, VA 20190
*Counsel for Plaintiff*

Boo Rak Lee
43426 Mountcastle Dr
Chantilly, VA 2015
*Dismissed Intervenor Plaintiff*

Daniel Kim
KIMLAW, PLLC
4103 Chain Bridge Road
Suite 100
Fairfax, VA 22030
*Counsel for Dismissed Intervenor Plaintiff*

Jihoon Park
4619 Granite Rock Ct.
Chantilly, VA 20151
*Defendant*

Jong Kim
4619 Granite Rock Ct.
Chantilly, VA 20151
*Co-Defendant*

Weon Geun Kim
Weon G. Kim Law Office
8200 Greensboro Dr.
#900
McLean, VA 22102
*Counsel for Defendant Jihoon Park*

Scott J. Newton
Manassas Law Group, PC
9255 Lee Avenue
Manassas, VA 20110
*Counsel for Defendant Jong Kim*